## JONES v. COOPER.

### Opinion delivered June 26, 1922.

PUBLIC SERVICE COMMISSION—JURISDICTION.—A proceeding to restrain a mayor and city council from revoking a franchise to a railroad to maintain a switch track connecting two lines of railroad over a street involves a judicial question which is not within the jurisdiction of the Railroad Commission, and an appeal from its decision gives the circuit court no jurisdiction.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; reversed.

*James E. Hogue*, for appellant.

The Railroad Commission and the circuit court of Pulaski County had no jurisdiction to restrain the officers and agents of the city of Hot Springs from doing any act in the premises. Act No. 124, Acts 1921, covers the entire subject-matter in controversy, and that act

confers no such jurisdiction. See §§ 17, 19 and 23 thereof; 101 Ark. 223, 142 S. W. 165; 64 Ark. 152, 41 S. W. 555.

*L. E. Sawyer,* for appellees.

McCULLOCH, C. J.   This is a proceeding which originated before the Railroad Commission to restrain the mayor and city council of Hot Springs from revoking a franchise or right-of-way heretofore granted by the city council to the Memphis, Dallas & Gulf Railroad Company to construct a track over and along one of the streets of the city for use as a switch-track between the line of railroad of said company and the tracks of the Chicago, Rock Island & Pacific Railroad. The petition was filed before the Commission by certain citizens, property owners and business men of the city of Hot Springs, who asserted that the interchange switch-track was constructed with funds donated by the business men of Hot Springs, who were patrons of said railroad company, and that they were, for that reason, interested in the maintenance of the track. It was also alleged that this track furnished the only connection between the different railroads running into Hot Springs, and that a disconnection would operate as a serious injury to the business interests of the city, and to the interest of the petitioners in particular.

It is further alleged in the petition that the city council had enacted an ordinance repealing the former ordinance granting the right-of-way or franchise for the construction of the interchange track, and that, unless restrained, the city would proceed to tear up the track.

Upon hearing the petition, the Railroad Commission entered an order restraining the city of Hot Springs and the mayor and city council, their agents and officers, from "removing, tearing up, molesting, breaking connection, or in any way interfering with the track of the M. D. & G. Railroad Company as it is now connected and laid on the streets and alleys of the said city of Hot Springs."

The mayor and city council prosecuted an appeal to the Pulaski Circuit Court, and they tendered an an

swer in that court setting forth the consideration upon which the franchise or right-of-way was granted to said railway company, and the failure of said company to perform the conditions and pay the consideration. The answer was tendered after the court had overruled a demurrer to the original petition, and the court also refused to permit the answer to be filed. The matter was then heard by the circuit court upon the record made before the Railroad Commission, and the decision of the Railroad Commission was affirmed, and an appeal has been prosecuted to this court.

We pretermit discussion of the question argued *pro* and *con* by counsel, whether the interchange switch-track in controversy constituted a local utility within the regulatory power of the city council, or whether it was one falling within the jurisdiction of the Railroad Commission.

This is not a proceeding which falls within the power of regulation conferred by the Constitution and statutes of the State upon the Railroad Commission, as the Commission is a board created for the regulation and control of public utilities, and its functions are administrative in character, though its decisions and orders are *quasi*-judicial in the exercise of the powers conferred for the purpose of regulating and controlling public utilities. None of its functions are strictly judicial in the sense that it is empowered to adjudicate property or contractual rights. *Thomas-Bowman Cooperage Co.* v. *M. & N. A. R. Co.*, 151 Ark. 589; *Public Service Electric Co.* v. *Utility Commissioners*, 88 N. J. Law, 603.

The question of interference with the use of the track along the streets of the city is not one involving the regulation of a public utility, but involves the question of controverted rights between the city and the railroad company. This is purely a judicial matter, which falls within the judicial power conferred and parceled out by the Constitution among the various courts. *Public Service Electric Co.* v. *Utility Commissioners, supra.*

If the railroad is rightfully using the switch-track in controversy, or if the petitioners in this proceeding have rights therein which would be violated by interference by the city, the remedy must be sought in a court exercising proper jurisdiction. The Railroad Commission has no authority to adjudicate those rights, nor did the circuit court of Pulaski County acquire such jurisdiction on appeal.

The city council has no power to grant a charter to a railroad corporation or to exercise regulation and control over its operations, but the city has control over its own streets, and the question involved in this controversy is a judicial one—whether the rights have been properly granted by the city council, or whether the threatened interference with the operation of the track on the part of the city is in violation of contractual rights.

The judgment of the circuit court is therefore reversed and the cause is dismissed.